# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

STEVEN A. MARTIN,

    Plaintiff,

v.

JAMES E. TILTON, *et al.*,

    Defendants.

Case No. 2:08-cv-01283-LDG

**ORDER**

**I. Statutory Screening of Prisoner Complaints**

    The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). If the Court determines that a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend

a complaint before dismissal of the action.  See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc).

The Court should not, however, advise the litigant how to cure the defects.  This type of advice "would undermine district judges' role as impartial decisionmakers."  Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies).  Plaintiff's Complaint will be dismissed for failure to state a claim, with leave to amend because the Complaint may possibly be saved by amendment.

**Analysis**

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  *Bell Atlantic*, 550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

1 　　　　To sustain an action under section 1983, a plaintiff must show: "(1) that the conduct
2 complained of was committed by a person acting under color of state law; and (2) that the
3 conduct deprived the plaintiff of a federal constitutional or statutory right." *Hydrick v.*
4 *Hunter*, 500 F.3d 978, 987 (9th Cir. 2007) (citation omitted); *West v. Atkins*, 487 U.S. 42,
5 48 (1988).  Mere allegations that a right secured by a state law has been violated do not
6 satisfy the first element of a claim under § 1983.  *Lovell v. Poway Unified School District*,
7 90 F.3d 367, 370-71 (9th Cir. 1996).

8 　　　　The statute requires that there be an actual connection or link between the actions
9 of the defendants and the deprivation alleged to have been suffered by plaintiff.  *See*
10 *Monell v. Department of Social Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362
11 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the
12 meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts
13 or omits to perform an act which he is legally required to do that causes the deprivation of
14 which complaint is made."  *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

15 　　　　Moreover, supervisory personnel are generally not liable under § 1983 for the
16 actions of their employees under a theory of respondeat superior and, therefore, when a
17 named defendant holds a supervisorial position, the causal link between him and the
18 claimed constitutional violation must be specifically alleged.  See *Fayle v. Stapley*, 607
19 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978).
20 Vague and conclusory allegations of an official personnel's involvement in civil rights
21 violations are not sufficient.  *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

22 　　　　Plaintiff's complaint does not contain a short and plain statement as required by
23 Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a
24 complaint must give fair notice to the defendants and must allege facts that support the
25 elements of the claim plainly and succinctly.  *Jones v. Community Redev. Agency*, 733
26 F.2d 646, 649 (9th Cir. 1984).  Each of the claims of the complaint, as presently alleged,

preclude the Court from being able to determine whether the current action is frivolous or fails to state a claim for relief.   Because plaintiff has failed to comply with the requirements set forth in  Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant plaintiff leave to file an amended complaint.

Plaintiff is informed that the court cannot refer to prior pleadings in order to make his amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.

Accordingly,

THE COURT **ORDERS** that Plaintiff's complaint is DISMISSED, with leave to amend within thirty days from the date of service of this Order.  Failure to file an amended complaint will result in the dismissal of this action with prejudice.

DATED this 29 day of March, 2011.

_____
Lloyd D. George
United States District Judge