1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

8

# EASTERN DISTRICT OF CALIFORNIA

9
10  STEVEN A. MARTIN,

11          Plaintiff,                    Case No. 2:08-cv-01283-LDG

12  v.                                    **ORDER**

13  JAMES E. TILTON, *et al.*,

14          Defendants.

15
16
17
18  **I. Statutory Screening of Prisoner Complaints**

19          The Court is required to screen complaints brought by prisoners seeking relief

20  against a governmental entity or an officer or an employee of a governmental entity.  28

21  U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has

22  raised claims that are legally frivolous or malicious, that fail to state a claim upon which

23  relief may be granted, or that seek monetary relief from a defendant who is immune from

24  such relief.  28 U.S.C. § 1915A(b)(1), (2).  If the Court determines that a pleading could be

25  cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend

26

1  a complaint before dismissal of the action.  See Lopez v. Smith, 203 F.3d 1122, 1127-29

2  (9th Cir. 2000) (en banc).

3  　　　　　The Court should not, however, advise the litigant how to cure the defects.  This

4  type of advice "would undermine district judges' role as impartial decisionmakers."  Pliler v.

5  Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide

6  whether the court was required to inform a litigant of deficiencies).  Plaintiff's Complaint will

7  be dismissed for failure to state a claim.  However, as the Court has previously granted the

8  plaintiff leave to amend to cure the defects of his complaint, the Court will dismiss the

9  Complaint with prejudice.

10  **Analysis**

11  　　　　　Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

12  statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

13  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell*

14  *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*quoting Conley v. Gibson*, 355 U.S.

15  41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim a

16  complaint must contain more than "a formulaic recitation of the elements of a cause of

17  action;" it must contain factual allegations sufficient "to raise a right to relief above the

18  speculative level."  *Bell Atlantic*, 550 U.S. at 555.  In reviewing a complaint under this

19  standard, the court must accept as true the allegations of the complaint in question,

20  *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976), construe the

21  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's

22  favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

23  　　　　　The Civil Rights Act under which this action was filed provides as follows:

24  　　　　　Every person who, under color of [state law] . . . subjects, or causes to be
   　　　　　subjected, any citizen of the United States . . . to the deprivation of any rights,
25  　　　　　privileges, or immunities secured by the Constitution . . . shall be liable to the
   　　　　　party injured in an action at law, suit in equity, or other proper proceeding for
26  　　　　　redress.

42 U.S.C. § 1983.

To sustain an action under section 1983, a plaintiff must show: "(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right." *Hydrick v. Hunter*, 500 F.3d 978, 987 (9th Cir. 2007) (citation omitted); *West v. Atkins*, 487 U.S. 42, 48 (1988). Mere allegations that a right secured by a state law has been violated do not satisfy the first element of a claim under § 1983. *Lovell v. Poway Unified School District*, 90 F.3d 367, 370-71 (9th Cir. 1996).

The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. *See Monell v. Department of Social Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations of an official personnel's involvement in civil rights violations are not sufficient. *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff's amended complaint, as with his original complaint, does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Rather, plaintiff's amended complaint largely repeats his original complaint. Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and

1  must allege facts that support the elements of the claim plainly and succinctly.  *Jones v.*

2  *Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984).   Because plaintiff has

3  again failed to comply with the requirements set forth in  Fed. R. Civ. P. 8(a)(2), the

4  complaint must be dismissed with prejudice.

5      Accordingly,

6      THE COURT **ORDERS** that Plaintiff's complaint is DISMISSED with prejudice.

7

8  DATED this _____ day of February, 2012.

9

10                                          _____

11                                          Lloyd D. George
                                            United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

4